UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE RODRIGUEZ,

                Plaintiff,

v.                                            9:04-CV-0358
                                            (FJS/GHL)

GLEN S. GOORD, *et al.*,

                Defendants.
_____

APPEARANCES:                             OF COUNSEL:

JOSE RODRIGUEZ, 02-R-2568
  Plaintiff, *Pro Se*
Willard Drug Treatment Center
P.O. Box 303
Willard, New York 14588

ANDREW M. CUOMO                     DAVID L. COCHRAN, ESQ.
Attorney General of the State of New York      Assistant Attorney General
  Attorney for Defendants
The Capitol
Albany, New York 12224-0341

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

       This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been

referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local

Rules of Practice for this Court.  Generally, Jose Rodriguez ("Plaintiff") alleges that, while he

was an inmate at Oneida Correctional Facility in 2003 and 2004, ten employees of the New York

State Department of Correctional Services ("Defendants") were deliberately indifferent to his

serious medical needs, and subjected him to cruel and unusual prison conditions, in violation of the Eighth Amendment.  (Dkt. No. 27 [Plf.'s Am. Compl.].)  Currently pending is Defendants' motion to dismiss for failure to provide notice to the Court of a change of address, pursuant to Local Rule 41.2(b) of the Local Rules of Practice for this Court.  (Dkt. No. 86.)  Plaintiff has not opposed the motion, despite having been given more than six weeks in which to do so.  Under the circumstances, I recommend that (1) Defendants' motion to dismiss be granted, and (2) in the alternative, the Court exercise its inherent authority to *sua sponte* dismiss Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

## I.    DEFENDANTS' MOTION TO DISMISS

Under the Local Rules of Practice for this Court, Plaintiff has effectively "consented" to the granting of Defendants' motion to dismiss, since (1) he failed to oppose the motion, (2) the motion was properly filed, and (3) Defendants have, through the motion, met their burden of demonstrating entitlement to the relief requested in the motion.  L.R. 7.1(b)(3).

In particular, with regard to this last factor (i.e., that Defendants have met their burden of demonstrating entitlement to the relief requested), Defendants argue that their motion to dismiss should be granted because (1) Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action," (2) on April 15, 2004, Plaintiff was specifically advised of this rule when (through Dkt. No. 5, at 4) the Court advised Plaintiff that "his failure to [promptly notify the Clerk's Office and all parties or their counsel of any change in his address] will result in the dismissal of his action," (3) on May 22, 2007, Plaintiff was released from the Willard Drug Treatment Center, (4) since that time, Plaintiff has failed to provide notice to the Court (or

Defendants) of his new address, as required by Local Rule 10.1(b)(2), and (5) as a result of this failure, Defendants have been prejudiced in that they have been unable to contact Plaintiff in connection with this litigation (e.g., in order to depose him, as authorized by the Court on May 4, 2007).  (Dkt. No. 86, Part 4, at 1-2 [Defs.' Mem. of Law].)

Authority exists suggesting that an inquiry into the third factor (i.e., whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3]) is a more limited endeavor than a review of a contested motion to dismiss.[1]  Specifically, under such an analysis, the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be "facially meritorious."[2]  Given that Defendants accurately cite the law and facts in their memorandum of law, I find that they have met their lightened burden on their unopposed motion.  Moreover, I am confident that I would reach the same conclusion even if their motion were contested.

For these reasons, I recommend that the Court grant Defendants' motion to dismiss.

---

[1]      *See*, *e.g.*, *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-10 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *see also Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello*, 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

[2]      *See*, *e.g.*, *Hernandez*, 2003 U.S. Dist. LEXIS 1625 at *8.

3

II.   *SUA SPONTE* DISMISSAL

Even if Defendants have not met their burden on their motion to dismiss, the Court possesses the inherent authority to dismiss Plaintiff's Amended Complaint *sua sponte* under the circumstances.  Rule 41 of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a proceeding for (1) failure to prosecute the action and/or (2) failure to comply with the Federal Rules of Civil Procedure or an Order of the Court.  Fed. R. Civ. P. 41(b).[3]   However, it has long been recognized that, despite Rule 41 (which speaks only of a *motion* to dismiss on the referenced grounds, and not a *sua sponte* order of dismissal on those grounds), courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Saylor v. Bastedo*, 623 F.2d 230, 238 (2d Cir. 1980); *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972).  Indeed, Local Rule 41.2(a) not only recognizes this authority but *requires* that it be exercised in appropriate circumstances.  *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

A.   **Failure to Prosecute**

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution.[4]  The Second Circuit has

---

[3]      Fed. R. Civ. P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant").

[4]      *See Merker v. Rice*, 649 F.2d 171, 173 (2d Cir. 1981).

identified five factors that it considers when reviewing a district court's order to dismiss an

action for failure to prosecute:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had
> received notice that further delays would result in dismissal, [3]
> whether the defendant is likely to be prejudiced by further delay, [4]
> whether the district judge has taken care to strike the balance between
> alleviating court calendar congestion and protecting a party's right to
> due process and a fair chance to be heard and [5] whether the judge has
> adequately assessed the efficacy of lesser sanctions.[5]

As a general rule, no single one of these five factors is dispositive.[6]  However, I note that, with

regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a

"plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of

prosecution."  N.D.N.Y. L.R. 41.2(a).  In addition, I note that a party's failure to keep the Clerk's

Office apprised of his or her current address may also constitute grounds for dismissal under

Rule 41(b) of the Federal Rules of Civil Procedure.[7]

Here, I find that, under the circumstances, the above-described factors weigh in favor of

dismissal.  The duration of Plaintiff's failure is some six-and-a-half months, i.e., since April 22,

2007, the date of the last document that Plaintiff attempted to file with the Court (Dkt. No. 85).

---

[5]     *See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Rule 41[b]
dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on
plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

[6]     *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

[7]     *See, e.g.*, *Robinson v. Middaugh*, 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at
*2-3 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed. R. Civ. P. 41[b] where
plaintiff failed to inform the Clerk of his change of address despite having been previously
ordered by Court to keep the Clerk advised of such a change); *see also* N.D.N.Y. L.R. 41.2(b)
("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may
result in the dismissal of any pending action.").

5

Plaintiff received adequate notice (e.g., through the Court's above-referenced Order of April 15, 2004, and Defendants' motion to dismiss) that his failure to litigate this action (e.g., through providing a current address) would result in dismissal.  Defendants are likely to be prejudiced by further delays in this proceeding, since they have been waiting to take Plaintiff's deposition since May 4, 2007.  (Dkt. No. 84.)  I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this action.[8]  Finally, I have considered all less-drastic sanctions and rejected them, largely because they would be futile under the circumstances (e.g., an Order warning or chastising Plaintiff may very well not reach him, due to his failure to provide a current address).

**B.      Failure to Comply with Order of Court**

With regard to the second ground for dismissal (a failure to comply with an Order of the Court), the legal standard governing such a dismissal is very similar to the legal standard governing a dismissal for failure to prosecute.  "Dismissal . . . for failure to comply with an order of the court is a matter committed to the discretion of the district court."[9]  The correctness of a dismissal for failure to comply with an order of the court is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order,
> (2) whether plaintiff was on notice that failure to comply would result
> in dismissal, (3) whether the defendants are likely to be prejudiced by

---

[8]      It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months).  Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendant.

[9]      *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) [citations omitted].

> further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[10]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal for the same reasons as described above in Part II.A. of this Report-Recommendation. I note that the Order that Plaintiff has violated is the Court's Order of April 15, 2004, wherein the Court ordered Plaintiff, *inter alia*, to keep the Clerk's Office apprised of his current address. (Dkt. No. 5, at 4.)  Specifically, the Court advised plaintiff that "**[p]laintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do same will result in the dismissal of this action.**"  (*Id.*)  I note also that, on numerous previous occasions in this action, Plaintiff violated this Order, resulting in delays in the action.  (*See* Dkt. Nos. 47, 48, 49, 50, 54, 59, 72, 78, 79 & Dkt. Entry for 12/15/06 [indicating that mail from the Court to Plaintiff was returned as undeliverable].)

As a result, I recommend that, should the Court decide to deny Defendants' motion to dismiss, the Court exercise its authority to dismiss Plaintiff's Amended Complaint *sua sponte* for failure to prosecute and/or failure to comply with an Order of the Court.

**ACCORDINGLY**, for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 86) be **GRANTED**; and it is further

**RECOMMENDED** that, in the alternative, the Court exercise its inherent authority to ***SUA SPONTE* DISMISS** Plaintiff's Amended Complaint for failure to prosecute and/or failure

---

[10]        *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) [citations omitted].

to comply with an Order of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)..

Dated: November 6, 2007
   Syracuse, New York

George H. Lowe
United States Magistrate Judge